IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROLANDO LOWRIE, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:11-cv-201 |
| PROCOLLECT, INC., | § | |
| | § | |
| *Defendant* | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

NOW COMES **PROCOLLECT, INC.,** hereinafter the "Defendant," who respectfully files this Original Answer to Plaintiff Rolando Lowrie's Original Complaint and any subsequent amendments thereto:

### A. Admissions & Denials

1. Defendant admits that Plaintiff is attempting to bring an action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., the Texas Debt Collection Practices Act, Texas Finance Code, Chapter 392, the Texas Business and Commerce Code, Chapter 17, Subchapter E, and the Telephone Consumer Protection Act, 47 U.S.C. §227, but denies each and every other allegation in Paragraph 1.

2. Defendant admits that Plaintiff is seeking to recover damages from violations of federal and state law, but denies each and every other allegation contained in Paragraph 2.

3. Defendant admits that it has been properly served, but denies each and every other allegation contained in Paragraph 3.

4. Defendant admits to the allegations contained in Paragraph 4.

5. Defendant admits that venue is proper in this Court.

6. Defendant admits that Plaintiff is a natural person, but lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 6, and therefore denies the same.

7. Defendant admits to the allegations contained in Paragraph 7.

8. Defendant admits to the allegations contained in Paragraph 8.

9. Defendant admits to the allegations contained in Paragraph 9.

10. Defendant admits that Plaintiff is a natural person, but lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 10, and therefore denies the same.

11. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 11, and therefore denies the same.

12. Defendant admits that it often uses instrumentalities of interstate commerce or the mails to collect debts, but denies each and every other allegation contained in Paragraph 12.

13. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 13, and therefore denies the same.

14. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 14, and therefore denies the same.

15. Defendant denies each and every allegation in Paragraph 15.

16. Defendant denies each and every allegation in Paragraph 16.

17. Defendant denies each and every allegation in Paragraph 17.

18. Defendant denies each and every allegation in Paragraph 18.

19. Defendant denies each and every allegation in Paragraph 19.

20. Defendant denies each and every allegation in Paragraph 20.

21. Defendant denies each and every allegation in Paragraph 21.

22. Defendant denies each and every allegation in Paragraph 22.

23. Defendant denies each and every allegation in Paragraph 23.

24. Defendant denies each and every allegation in Paragraph 24.

25. Defendant denies each and every allegation in Paragraph 25.

26. Defendant denies each and every allegation in Paragraph 26.

27. Defendant denies each and every allegation in Paragraph 27.

28. Defendant denies each and every allegation in Paragraph 28.

29. Defendant denies each and every allegation in Paragraph 29.

30.     Defendant admits that this suit was brought to attempt to find liability under the Texas Business and Commerce Code, Chapter 17, Subchapter E, but denies each and every other allegation in Paragraph 30.

31.     Defendant admits that it received what was purported to be a "60-day" notice letter under the DTPA, but denies each and every other allegation in Paragraph 31.

32.     Defendant denies each and every allegation in Paragraph 32.

33.     Defendant denies each and every allegation in Paragraph 33.

34.     Defendant denies each and every allegation in Paragraph 34.

35.     Defendant denies each and every allegation in Paragraph 35.

36.     Defendant denies each and every allegation in Paragraph 36.

37.     Defendant denies each and every allegation in Paragraph 37.

38.     Defendant denies each and every allegation in Paragraph 38.

## B. Affirmative Defenses

39.     Defendant is not liable to Plaintiff because most if not all of Plaintiff's claims are barred by the statute of limitations.

40.     Even if Plaintiff proves the allegations in his Original Complaint, ProCollect is not liable to Plaintiff because:

(a)     Although Plaintiff alleges certain violations of the FDCPA, the FDPCA exculpates persons who make simple mistakes notwithstanding the use of reasonable procedures adopted to prevent making them.  Because of the professional nature of ProCollect's business, ProCollect maintains policies, procedures and practices to prevent the kinds of mistakes alleged by Plaintiff. Any action taken which could be misconstrued as a violation of the FDCPA was nothing other than a bona fide mistake, notwithstanding the use of reasonable procedures ProCollect has adopted to avoid such a mistake. *See* TITLE 15 SECTION 1692K(C) OF THE U.S. CODE.

(b)     Although Plaintiff alleges certain violations of Chapter 392 of the Texas Finance Code, the Code exculpates persons who make simple mistakes notwithstanding the use of reasonable procedures adopted to prevent making them.  Because of the professional nature of Defendant's business, Defendant maintains policies, procedures and practices to prevent the kinds of mistakes alleged by Plaintiff. Any action taken which could be misconstrued as a violation of the Texas Finance Code was nothing other than a bona fide mistake, notwithstanding the use of reasonable procedures Defendant has adopted to avoid such a mistake. *See* Sec. 392.401 of the TEXAS FINANCE CODE.

41. Plaintiff failed to provide Defendant with a proper statutory 60-day written notice before filing this lawsuit, as is required by Section 17.505 of the Texas Deceptive Trade Practices Act. The purported letter did not specify any misrepresentations allegedly made by Defendant, and thus did not adequately put Defendant on notice that a DTPA claim existed. Therefore, Defendant asserts that Plaintiff's DTPA claims are barred or in the alternative abated until the Plaintiff complies with the notice sections of the DTPA.

42. Defendant has serious concerns that this case was not properly investigated prior to its filing (and expressed those concerns to Plaintiff's counsel on numerous occasions prior to filing Plaintiff's Original Petition. Had Plaintiff properly reviewed the statute of limitations arguments and other factual inaccuracies presented to him prior to this litigation, he would not have filed a Federal lawsuit. Because the case was not properly investigated, nor did a meaningful exploration between the parties evidencing the strength of Defendant's "Bona-Fide Error" defense, Defendant believes that Plaintiff's claims were made recklessly, frivolously, and/or with the purpose of harassing Defendant. Accordingly, Defendant is seeking reasonable attorney's fees under TITLE 15 SECTION 1692K(A)(3) OF THE U.S. CODE and §392.403(C) of the TEXAS FINANCE CODE, which permits the same when the court finds that the case was brought in bad faith and/or for the purpose of harassment.

43. Furthermore, because Defendant believes this case is either groundless in fact or law, or was brought in bad faith or for the purpose of harassment, the Court should award Defendant its reasonable and necessary attorneys' fees and court costs in accordance with Section 17.50(c) of the Texas Deceptive Trade Practices Act.

44. Plaintiff's claims are barred by Plaintiff's unclean hands.

45. Plaintiff's claims are barred by excessive demand and/or improper or failure to provide required statutory notices, including pursuant to the Texas Deceptive Trade Practices—Consumer Protection Act.

46. Plaintiff's claims are barred by offset and/or set-off.

47. Plaintiff's claims are barred in whole or in part, by Plaintiff's failure to mitigate damages.

48. Defendant is not liable to Plaintiff because Plaintiff was the main, contributory factor in causing the alleged violations.

49. Defendant is not liable to Plaintiff because the alleged injuries, harm and/or damages suffered by Plaintiff, if any, were directly or proximately caused by the acts of himself, or one or more third-parties, for whom Defendant is not liable.

50. Defendant is not liable to Plaintiff because of a mistake.

51. If Defendant is found liable, Defendant intends to seek a reduction of damages under the proportionate responsibility statute.

**WHEREFORE**, Defendant that upon trial, Plaintiff takes nothing on his claims; for a

determination that this case was not properly investigated and therefore brought in bad faith or for purposes of harassment, for its costs herein incurred, including, but not limited to attorney's fees under TITLE 15 SECTION 1692K(A)(3) OF THE U.S. CODE, §392.403(C) of the TEXAS FINANCE CODE, Rule 68 of the FEDERAL RULES OF PROCEDURE, and the Texas Deceptive Trade Practices Act, and such other and further relief to which Defendant may be justly entitled.

        Respectfully submitted,

By: /s/ David I. Goodhart
    DAVID I. GOODHART
    State Bar No. 00798216

190 S. Collins Rd., Suite 102
Sunnyvale, Texas 75182
(972) 226-6600 – Telephone
(972) 226-6603 – Telecopy
david@sprop.com


By: /s/ John W. Bowdich
    JOHN W. BOWDICH
    State Bar No. 00796233

KORN, BOWDICH & DIAZ, L.L.P.
4221 Avondale Ave.
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Telecopy
jbowdich@kbdtexas.com

ATTORNEYS FOR DEFENDANT
PROCOLLECT, INC

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(b) and the local rules of the Western District of Texas, I hereby certify that a true and correct copy of the foregoing document was served electronically on all parties who have entered their appearance electronically in this case.

Dennis R. Kurz, Esq.   VIA ECF
WEISBERG & MYERS, LLC
5025 N. Central Ave., Suite 602
Phoenix, Arizona 85012

ATTORNEY FOR PLAINTIFF

By:   /s/ David Goodhart
      DAVID GOODHART